Womble Bond Dickinson (US) LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004

**Todd Feltus (State Bar No. 019076)**
Direct Dial: 602.262.5397
Direct Fax: 602.262.5747
Email: Todd.Feltus@wbd-us.com

*Attorneys for Plaintiff Kozzle LTD*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kozzle LTD, | Case No. |
| Plaintiff, | **COMPLAINT FOR REVERSE DOMAIN NAME HIJACKING (15 U.S.C. § 1114(D))** |
| v. | |
| NET Holding A.S., and Merit Turizm Yatirim ve Isletme A.S. , | |
| Defendants. | **(JURY TRIAL REQUESTED)** |

Plaintiff Kozzle LTD ("Kozzle") files this Complaint against Defendants NET Holding A.S. and Merit Turizm Yatirim ve Isletme A.S. and alleges as follows:

### PARTIES

1. Plaintiff Kozzle LTD is a Cyprus company with a location at Archiepiskopou Makariou III, 84, Office 1, 6017 Larnaca, Cyprus.

2. On information and belief, Defendant NET Holding A.S. ("NET Holding") is a Turkey joint stock company with a location at Etiler Mah. Bade Sok. No:9 34337 Etiler Beşiktaş, İSTANBUL Turkey.

3. On information and belief, Defendant Merit Turizm Yatirim ve Isletme A.S. ("MTYI") is a Turkey joint stock company with a location at Etiler Mah. Bade Sok. No:9 34337 Etiler Beşiktaş, İSTANBUL Turkey.

4935-1788-5064.2

**JURISDICTION AND VENUE**

4.    This is an action for reverse domain name hijacking under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1114(D).

5.    This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §§ 1331 and 1338(a).

6.    This Court has specific personal jurisdiction over Defendants because Defendants both expressly consented to such jurisdiction when they jointly filed a Uniform Domain Name Resolution Policy Complaint against Plaintiff and Plaintiff's domain name <meritking.co>. Furthermore, the Court's exercise of personal jurisdiction over Defendants is reasonable.

7.    If the Court finds that any Defendant has not consented to jurisdiction in this Court or that the requirements for specific personal jurisdiction are otherwise unmet, this Court has general personal jurisdiction over Defendants under at least Fed. R. Civ. P. 4(k)(2) because Plaintiff's claim arises under federal trademark law, any such Defendant would not be subject to jurisdiction in any one state's courts of general jurisdiction, and the exercise of jurisdiction over any such Defendant would comport with due process.

8.    Venue is appropriate in this district under 28 U.S.C. § 1391 because the claim arises out of wrongful acts that occurred and are occurring within this jurisdiction.

**FACTUAL BACKGROUND**

**Kozzle and Its MERITKING Mark**

9.    Kozzle is an entertainment and news company that primarily operates in Southeast Europe under the trademark "MERIT KING."

10.    Kozzle registered and owns the domain name <meritking.co> (the "Disputed Domain Name"), registered through the domain name registrar NameSilo, LLC ("NameSilo"), an Arizona company.

11.    Kozzle has provided sports news and casino gambling services under the MERIT KING brand, including through the domain name <meritking.co>, since at least 2024.

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

12. Kozzle owns Georgia trademark registration 40387 for the MERIT KING & Device trademark covering sports, casino, business, and computer software goods and services in international classes 009, 025, 041, and 042.

**Defendants' Uniform Domain Name Dispute Complaint**

13. On or about October 10, 2025, Defendants instituted an administrative proceeding intended to cause the transfer or cancellation of the Disputed Domain Name. Specifically, Defendants filed an amended complaint with the World Intellectual Property Organization ("WIPO") under the Uniform Domain Name Resolution Policy ("UDRP"), seeking to have the Disputed Domain Name transferred from Kozzle to Defendants on the basis of alleged cybersquatting (the "UDRP Complaint").

14. In the UDRP Complaint, Defendants falsely alleged that the Disputed Domain Name <meritking.co> is confusingly similar to a number of MERIT formative trademarks allegedly owned and used by Defendants, none of which incorporate the term "KING."

15. Defendant's UDRP Complaint instituted a UDRP proceeding, WIPO Case Number D2025-3969 (the "UDRP Proceeding").

16. On or about December 8, 2025, Kozzle responded to the UDRP Complaint, denying that the parties' marks are confusingly similar, asserting that Kozzle has rights and legitimate interests in the MERIT KING mark, and denying any bad faith in Kozzle's registration and use of the Disputed Domain Name.

17. On or about December 25, 2025, a "Sole Panelist" assigned to the UDRP Proceeding decided in Defendants' favor, directing NameSilo to transfer the Disputed Domain Name to Defendants (the "UDRP Decision").

18. On or about January 5, 2026, NameSilo confirmed via email that it had received a copy of the UDRP Decision and was taking steps to transfer the Disputed Domain Name to Defendants.

19. Pursuant to the UDRP Policy 4(k), the UDRP Decision will be stayed by NameSilo if submitted for adjudication to a court of competent jurisdiction within ten

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

business days from the date the UDRP Decision was transmitted to the domain name registrar.

## COUNT ONE

### Reverse Domain Name Hijacking (15 U.S.C. § 1114(2)(D)(v))

20.    Plaintiff repeats and incorporates the allegations of paragraphs 1 through 19 as though set forth in full herein.

21.    Kozzle is the domain name registrant for Disputed Domain Name.

22.    On or about December 25, 2025, as provided under the UDRP Policy, WIPO directed NameSilo to transfer the Disputed Domain Name to Defendants.

23.    Defendants are the trademark owner who initiated the UDRP Proceeding. By virtue of being named as a Defendant in this Complaint, Defendants have notice of this civil action to stop the hijacking of the Disputed Domain in the form of service of this Complaint.

24.    Kozzle's use of the Disputed Domain Name is not unlawful.

25.    Defendant's MERIT formative marks are not distinctive. The term "MERIT," defined as "the quality of being particularly good or worthy, especially so as to deserve praise or reward," is definitionally a laudatory term that "attribute[s] quality or excellence to goods or services" and is therefore "merely descriptive" under the Lanham Act § 2(e).

26.    The Disputed Domain Name is not identical to any mark owned by Defendants.

27.    The Disputed Domain Name is not confusingly similar to any mark owned by Defendants. Defendant's MERIT formative marks are weak, diluted, and narrow in scope. The marks owned by Defendants consist of a common word that Defendant itself has asserted is "diluted" and "commonly used by numerous third parties" and that therefore "consumers are used to distinguishing between the various sources of the goods or services." As such, the inclusion of the term KING dispels any confusing similarity between Kozzle's MERIT KING mark and Defendant's MERIT formative marks.

28.    Kozzle registered and uses the Disputed Domain Name in good faith.

29.    Kozzle owns Georgia trademark registration number 40387 for the MERIT

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

KING & Device trademark covering sports, casino, business, and computer software goods and services in international classes 009, 025, 041, and 042.

30. Kozzle uses the Disputed Domain Name in connection with the bona fide offering of online casino services. Indeed, Kozzle has successfully provided its online casino services to consumers via the Disputed Domain Name since at least 2024.

31. Kozzle had no intent to divert consumers from Defendants' online locations to the Disputed Domain Names. Indeed, on information and belief, Defendants do not even provide online casino services. In addition, Kozzle has not held itself out or otherwise indicated any association or connection between Kozzle and Defendants, the look and feel of the website associated with the Disputed Domain Name does not resemble or mimic anything used by Defendants, and Kozzle has not used any identical or confusingly similar trademarks owned by Defendants on the website associated with the Domain Name.

32. Kozzle has never offered to transfer, sell, or otherwise assign the Disputed Domain Name.

33. Kozzle did not provide the domain name registrar with misleading or false contact information when applying for the registration of the Disputed Domain Name.

34. Kozzle has not registered or acquired any domain names that are identical or confusingly similar to any distinctive or famous trademarks of others.

35. As Kozzle's use and registration of the Disputed Domain Name is lawful, Defendants' attempt to obtain the Disputed Domain Name through the UDRP Proceeding therefore constitutes reverse domain name hijacking.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

A. That the Court enter judgment in favor of Plaintiff and against Defendants on each and every claim alleged herein;

B. A declaration pursuant to 15 U.S.C. § 1114(D) that Plaintiff's use and registration of the Disputed Domain Name is not unlawful under the Anti-Cybersquatting Consumer Protection Act;

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

C.     An order permanently enjoining the domain name registrar from transferring the Disputed Domain Name; and

D.     All such other and further relief as the Court deems proper.

DATED this 14th day of January, 2026.

WOMBLE BOND DICKINSON (US) LLP


By: */s/ Todd Feltus*
Todd Feltus
Attorneys for Plaintiff

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON