Womble Bond Dickinson (US) LLP
201 East Washington Street, Suite 1200
Phoenix, AZ  85004

**Todd Feltus (State Bar No. 019076)**
Direct Dial: 602.262.5397
Direct Fax: 602.262.5747
Email: Todd.Feltus@wbd-us.com

**Chris A. Underwood (State Bar No.036649)**
Direct Dial: 602.262.5716
Direct Fax: 602-262-5747
Email: Chris.Underwood@wbd-us.com

*Attorneys for Plaintiff Kozzle LTD*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Kozzle LTD,<br><br>             Plaintiff,<br><br>      v.<br><br>NET Holding A.S., and Merit Turizm Yatirim ve Isletme A.S.,<br><br>             Defendants. | Case No. 2:26-cv-00256-DWL<br><br>**MOTION PERTAINING TO SERVICE OF FOREIGN DEFENDANTS** |

Pursuant to Fed. R. Civ. P. 4(m), plaintiff Kozzle LTD ("Kozzle") respectfully requests an order that the 90-day time limit for service of process does not apply to service of the two Turkish entity defendants. Service of process will have to be completed through the Hague Convention and is estimated to take eight months. Kozzle proposes that it provides the Court with an update of service on or before September 15, 2026.

### I.      BACKGROUND

On January 14, 2026, Kozzle filed its Complaint (Dkt. 1) against Defendants NET Holding A.S., and Merit Turizm Yatirim ve Isletme A.S, alleging that Defendants' use of the Uniform Domain Resolution Policy ("UDRP") constitutes reverse domain name hijacking in violation of 15 U.S.C. § 1114(2)(D)(v). The next day, the Clerk for this Court issued a Summons for Defendants. *See* Dkt. 4. On March 26, 2026, the Court ordered that "Plaintiff(s) must promptly serve a copy of this Order on Defendant(s) and file a notice of service with the Clerk of Court" and that "that unless the Court orders otherwise, the Clerk

4924-2164-6753.1

of Court shall terminate without further notice any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure within 90 days of filing the complaint." *See* Dkt. 10.

The two defendants are Turkish corporations. Under Rule 4(m), there is no deadline for service of process to foreign corporate defendants under Federal Rule of Civil Procedure 4(m). And due to the complexity and delays associated with serving a Turkish corporation, service on Defendants remains incomplete. Plaintiff does not anticipate completing service of process until at least September 2026.

## II.    ARGUMENT

Federal Rule of Civil Procedure 4(f) governs the service of an individual in a foreign country and provides that an individual not within any United States judicial district may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by [the Hague Convention]." Fed. R. Civ. P. 4(f)(1). Federal Rule of Civil Procedure 4(h)(2) states that foreign corporations may be served "at a place not within any judicial district of the United States, in any manner proscribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

The Hague Convention provides that "each Contracting State shall designate a Central Authority which will undertake to receive requests for service coming from other Contracting States and to proceed in conformity with the provisions of Articles 3 to 6." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, art. 3. Furthermore, "the Central Authority of the State addressed shall itself serve the document or shall arrange to have it served by an appropriate agency . . . ." *Id.*, art. 5. The Directorate General for Foreign Relations and EU Affairs, Ministry of Justice, has been designated as the Central Authority for service of process under the Hague Convention. *See* Hague Conference on Private International Law, Authorities, Turkey, at https://www.hcch.net/en/states/authorities/details3/?aid=277.

Service of process is further complicated in Turkey because, even after effective service of process is properly directed to the Turkey Directorate General for Foreign

201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON

4923-4048-2960, v. 1

Relations and EU Affairs, Ministry of Justice, Turkey does not subsequently permit service by postal channels or by actual notice. *See* U.S. Department of State, Judicial Assistance Destination Information, Turkey, at https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Turkey.html. Plaintiff does not anticipate that this process will be completed until at least September 2026.

While Federal Rule of Civil Procedure 4(m) provides for a 90-day time limit for service, it also provides that "subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2) or 4(j)(1). . . ." As such, service of process to either Defendant is not subject to the Rule 4(m) 90-day time limit for service. Accordingly, Plaintiff requests an order that Kozzle's complaint is not subject to the 90-day time limit.

### III.    CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court enter an Order permitting additional time for service of the Summons and Complaint upon Defendants.

DATED this 13th day of April, 2026.

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Todd Feltus*
Todd Feltus
Chris A. Underwood

*Attorneys for Plaintiff*

201 East Washington Street, Suite 1200
Phoenix, AZ  85004

WOMBLE BOND DICKINSON

4924-2164-6753.1

- 3 -

4923-4048-2960, v. 1